**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**CHARLENE M. DONALDSON,**

                    **Plaintiff,**

                                                           **ORDER**
         **-against-**                                     **05-CV-0378 (NG) (KAM)**

**TARGET INC.,**

                    **Defendant.**
-----------------------------------------------------------x

**GERSHON, United States District Judge:**

          Plaintiff Charlene M. Donaldson ("Donaldson") commenced this action against Target Inc.

("Target") in the Supreme Court of New York, Kings County, to recover damages for personal

injuries sustained as the result of a slip and fall accident that occurred on June 19, 2004 at a Target

store in Brooklyn, New York.  Invoking diversity jurisdiction, defendant removed the instant action

to this court.  Defendant now moves for summary judgment pursuant to Rule 56 of the Federal Rules

of Civil Procedure, arguing that plaintiff failed to establish that defendant had either actual or

constructive notice of the dangerous condition.  Defendant failed to submit a Statement of Material

Facts as required by Local Civil Rule 56.1.  Such a failure to adhere to the required rules may result

in denial of the motion.  Nonetheless, the court, in its discretion, has reviewed defendant's motion

for summary judgment.

          Viewing the evidence in the light most favorable to plaintiff, the court finds that there is a

genuine issue of material fact in dispute as to whether defendant had constructive notice of the

dangerous condition, specifically, whether the soda, on which plaintiff slipped and fell, was on the

floor for a sufficient period of time for defendant's employees to discover the spill and clean it up.

Under the facts of this case, the issue of whether the amount of time is sufficient to warrant a finding

of constructive notice of a hazard is an issue for the trier of fact.  *See Negri v. Stop & Shop*, 65 N.Y.2d 625, 626 (1985).  *Accord Buskey v. Boston Market Corp.*, No. 04-CV-2133, 2006 WL 2527826, at \*7 (E.D.N.Y. Aug. 14, 2006)*, Figueroa v. Pathmark Stores, Inc.*, No. 02 Civ. 4992, 2004 WL 74261, at \*3-4 (S.D.N.Y. Jan. 15, 2004), *Goddard v. Delta Airlines, Inc.*, No. 97-CV-2254, 1997 WL 12022, at \*3 (E.D.N.Y. Jan. 8, 1997).  Accordingly, defendant's motion for summary judgment is denied.

The parties are directed to prepare and submit a joint pre-trial order to the court no later than December 17, 2006.  A pre-trial conference is scheduled for December 18, 2006 at 12:00 p.m. in Courtroom 6D.

**SO ORDERED.**

    **/s/ *Nina Gershon***
**NINA GERSHON**
**United States District Judge**

Dated: November 20, 2006
     Brooklyn, New York